■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC COUTANT, Appellant. [38 NYS3d 446]—Aarons, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered March 24, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the third degree and the plea agreement included the waiver of the right to appeal. County Court thereafter sentenced defendant, as a prior felony offender, to five years in prison, to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. Contrary to defendant's contention, his waiver of

the right to appeal was valid. County Court explained that the right to appeal is separate and distinct from the rights forfeited by a guilty plea and confirmed that defendant understood the ramifications of the waiver. Defendant thereafter executed a counseled written waiver in open court. Under these circumstances, we conclude that defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (*see People v Mydosh*, 117 AD3d 1195, 1195-1196 [2014], *lv denied* 24 NY3d 963 [2014]; *People v Koumjian*, 101 AD3d 1175, 1175 [2012], *lv denied* 20 NY3d 1100 [2013]). Therefore, defendant's contention that his sentence is harsh and excessive is precluded from our review (*see People v Miller*, 137 AD3d 1485, 1485 [2016]; *People v Crispell*, 136 AD3d 1121, 1122 [2016], *lv denied* 27 NY3d 1149 [2016]).

Peters, P.J., Egan Jr., Lynch and Rose, JJ., concur. Ordered that the judgment is affirmed.